LILLIAN E. TIDEMAN, PROSECUTOR, v. THE BOARD OF COMMISSIONERS OF THE TOWN OF WEST ORANGE, DEFENDANT.

Argued January 18, 1939—Decided February 24, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Alfred J. Grosso.*

For the defendant, *Gerald T. Foley.*

The opinion of the court was delivered by

DONGES, J. Prosecutrix was, on May 20th, 1936, employed by the town of West Orange as case worker and investigator

in its Welfare Department. The Welfare Department was appropriately assigned to the Department of Public Affairs. On January 20th, 1937, she was made case supervisor of emergency relief.

By resolution, dated June 7th, 1938, the Board of Commissioners created a local assistance board, under the provisions of chapter 123 of the laws of 1938. Members of such board were appointed and, on organization, Mrs. William Barstow, Jr., was elected chairman, and William Murray, secretary. Under the provision of the act, Mrs. Helen Gallagher was appointed as director of welfare.

On the organization of the Board of Commissioners on May 17th, 1938, Commissioner Laidlaw was designated as director of the Department of Public Affairs, and there was assigned to such department the Department of Public Welfare, in which prosecutrix was an employe.

It is conceded that on July 12th, 1938, the local assistance board discharged prosecutrix, and she was, thereafter, removed from the town payroll. The brief of defendant states the factual situation as follows:

"The prosecutor was discharged by the local assistance board on July 12th, 1938.

"She was not thereafter appointed by Commissioner Laidlaw.

"She was not discharged by the Board of Commissioners on September 13th, 1938."

The question for determination on the facts is whether the local assistance board had authority to discharge prosecutrix on July 12th, 1938. We conclude that it did not have such authority.

The board is created under Chapter 123 of the laws of 1938, which provides, *inter alia:*

"The local assistance board shall organize and select a chairman and a secretary, and shall appoint a director of welfare who shall be paid such salary as may be fixed by such board subject to approval by the governing body. * * *

"Such other employes, including assistants, clerks, investigators and nurses, in such number as may be necessary to

properly administer public assistance, shall be appointed in the same manner as other employes of the municipality."

Nowhere in this act is there given power to this board to discharge any employe of the municipality. Nor is there any power of appointment by said board of other employes authorized by the act. It follows, therefore, that the discharge of prosecutrix was beyond the power of the local assistance board.

Respondent urges that the proper remedy is by *quo warranto* and not by *certiorari*. But this is not so. Prosecutrix does not claim the position of director of welfare, held by Mrs. Gallagher. Indeed, it is asserted that the duties of prosecutrix are quite different from those of the director of welfare of the assistance board. By the statute, the director of welfare is given broad powers with respect to assistance to needy persons. By the terms of her appointment, it appears that prosecutrix was merely an investigator and that she made recommendations to Director Laidlaw, who appears to have had sole discretion to grant or withhold relief. By the terms of the statute, the director of welfare is given the authority in this regard formerly vested in the director of the Department of Welfare. Nor does it anywhere appear that prosecutrix seeks to oust Mrs. Gallagher from her position. So far as the record discloses, she merely seeks to continue in the position held by her when her discharge took place.

The discharge of prosecutrix is set aside, with costs.